UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
ZALMEN KAUFMAN,                              :
                                             :     **MEMORANDUM**
                                             :     **DECISION AND ORDER**
                            Plaintiff,       :
                                             :     18-cv-7420 (BMC)
                 - against -                 :
                                             :
EQUIFAX INFORMATION SERVICES, LLC,           :
*et al.*,                                    :
                                             :
                                             :
                            Defendants.      :
---------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff brought this action under the Fair Credit Reporting Act (the "FCRA") against

Capital One as well as three consumer reporting agencies: Equifax, TransUnion, and Experian,

(together, the "CRAs"). Plaintiff later moved to dismiss his own claims. I granted plaintiff's

motion on the condition that plaintiff pay the CRAs' reasonable attorney's fees incurred in

defending this meritless action. For the reasons stated below, Equifax's motion for attorney's

fees is granted, and Experian's motion for attorney's fees is granted in part and denied in part.

## BACKGROUND

In the complaint, plaintiff alleged that defendants inaccurately reported plaintiff as late in

paying Capital One in March 2015. At the initial status conference for this case, I assessed the

merits of plaintiff's claims based on the documents and information counsel provided,

determined that plaintiff's claims were likely unmeritorious, and urged plaintiff to withdraw his

claims.

A week later, plaintiff and Capital One filed a joint letter in which Capital One explained that the notation on plaintiff's credit report that he was 31-60 days past due was accurate because his payment was due on January 28, 2015 but he did not pay until March 11, 2015. The letter also included documentary evidence that supported Capital One's contention that the credit report was accurate. Nonetheless, in this joint letter with Capital One, plaintiff insisted that it was "factually impossible that the Plaintiff could have been 30 days late in March" because he "paid in full in March."

In light of this letter, I entered a briefing schedule for Capital One's motion for summary judgment. Plaintiff entered a joint stipulation of dismissal as to Capital One before it moved for summary judgment. The CRAs then filed a joint motion for summary judgment. In response, plaintiff filed a motion to dismiss his own claims under Federal Rule of Civil Procedure 41(a)(2), with each party bearing its own costs, because he decided he "no longer wishes to pursue his case" upon review of the summary judgment motion. A day later, the CRAs filed a response in which they joined plaintiff's motion to dismiss the claims but requested that plaintiff pay for their attorney's fees under 28 U.S.C. § 1927, 15 U.S.C § 1681n(c), and the Court's inherent authority. Plaintiff did not file a reply in support of his motion to dismiss.

I held a hearing on plaintiff's motion to dismiss and the CRAs' request for attorney's fees. Counsel for the CRAs attended the conference but plaintiff's counsel neither appeared nor provided any excuse for not attending. At the hearing, I found that awarding attorney's fees for the CRAs was appropriate "because there was, in fact, no good faith basis to ever bring this claim." I therefore granted plaintiff's motion to dismiss on the condition that plaintiff reimburses the CRAs for the legal fees they incurred defending against plaintiff's claims.

I instructed the CRAs to submit their billing records and noted that "the defendants should not expect to get back everything on this case but at least the summary judgment motion." Each CRA then submitted requests for awards of attorney's fees. TransUnion withdrew its motion for attorney's fees after reaching an agreement with plaintiff, so before me are only the motions for attorney's fees by Equifax and Experian.

## DISCUSSION

### I.      Due Process

Although plaintiff has not claimed otherwise, I begin my analysis by determining that imposing sanctions comports with due process. "Due process requires that courts provide notice and opportunity to be heard before imposing any kind of sanctions." Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 334 (2d Cir. 1999) (internal quotation marks, emphasis, and alterations omitted). "At a minimum, the notice requirement mandates that the subject of a sanctions motion be informed of: (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense." Id. Further, the Second Circuit has "acknowledged that the opportunity to submit written briefs may be sufficient to provide an opportunity to be heard" but the "better practice" is to hold a hearing in connection with a request for sanctions. Id. at 335.

Here, plaintiff had notice and the opportunity to be heard. The CRAs identified the source of authority for the sanctions they sought: 28 U.S.C. § 1927, 15 U.S.C § 1681n(c), and the inherent authority of the Court. The CRAs also explained that they were seeking sanctions because plaintiff continued to litigate this action despite clear evidence that his allegations were baseless, including the documentary evidence included in plaintiff's joint letter with Capital One.

3

Plaintiff then had multiple opportunities to be heard, although he did not take advantage of them.  Specifically, plaintiff chose not to file a reply in support of his motion to dismiss, even though the CRAs requested attorney's fees in their opposition to this motion; he chose not to attend the hearing on his motion, either personally or through counsel; and he chose to not file a motion for reconsideration of my order granting his motion to dismiss on the condition that he reimburse the CRAs' attorney's fees.

## II.      Statutory Basis for the Award

Under Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Courts may condition dismissal of claims under Federal Rule of Civil Procedure 41(a)(2) on payment of attorney's fees "when there is independent statutory authority for such an award."  Colombrito v. Kelly, 764 F.2d 122, 134 (2d Cir. 1985).  Here, 28 U.S.C. § 1927 and 15 U.S.C § 1681n(c) provide the independent statutory authority for the award of attorney's fees.[1]

Under 28 U.S.C. § 1927, courts may require "[a]ny attorney … who so multiplies the proceedings in any case unreasonably and … to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  To impose sanctions under 28 U.S.C. § 1927, a court must find clear evidence that "(1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith – that is, 'motivated by improper purposes such as harassment or delay.'"  Eisemann v. Greene, 204 F.3d 393, 396 (2d Cir. 2000) (quoting Schlaifer Nance & Co., 194 F.3d at 336).  A claim is without color when it lacks any basis in law or fact.  Schlaifer, 194 F.3d at 337.  A claim is brought in bad faith "only

---

[1] Since these statutes provide a sufficient basis for the Court's award of attorney's fees, I need not and do not decide whether the Court's inherent authority provides a separate basis for the award.

if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Id. at 336 (internal quotation marks omitted).

Further, under 15 U.S.C § 1681n(c), "[u]pon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under" the FCRA "was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper." This provision allows for recovery of attorney's fees against unsuccessful FCRA plaintiffs who bring "the sanctions upon themselves by failing to properly investigate [their] claim[s] before filing suit." Mayle v. Equifax Info. Servs., Inc., 03-cv-8746, 2006 WL 8424343, at *6 (N.D. Ill. March 1, 2006).

I already granted the CRAs' request for attorney's fees at the motion to dismiss hearing, but I take this opportunity to further explain the basis for my ruling, even though, by failing to appear at the hearing, plaintiff waived his right to contend that his conduct was not sanctionable. Plaintiff's claims lacked any basis in fact or law: since plaintiff's payment to Capital One was due on January 28, 2015 but he did not pay until March 11, 2015, defendants accurately reported that his payment was late. If plaintiff and his counsel had properly investigated the factual basis for the claims before filing a complaint, plaintiff would not have brought this action in the first place.

Nonetheless, plaintiff and his counsel continued to litigate his meritless claims even after defendants provided documents clearly demonstrating that these claims were false. Plaintiff and his counsel had, but did not utilize, multiple opportunities to voluntarily dismiss these claims, including:  at the initial status conference, which plaintiff's counsel attended, when I urged

plaintiff to dismiss this case; in plaintiff's joint letter with Capital One, which included documentary evidence refuting plaintiff's claims; and at any time before the CRAs spent the time and money drafting a motion for summary judgment.  It continues to baffle me how, at the initial status conference, all of the attorneys and I were looking squarely at the documents in question and they clearly showed that plaintiff was a late payer, yet plaintiff insisted that they showed the opposite. Under these circumstances, I find that both plaintiff and his counsel acted in bad faith in both commencing and continuing to litigate plaintiff's meritless claims.

The conduct of plaintiff and his counsel after the hearing only confirms the basis for my finding of bad faith.  They have still not provided any explanation for their conduct or expressed any contrition for wasting defendants' time and money on this case.  Rather, in his opposition to Equifax's and Experian's requests for attorney's fees, plaintiff merely asserts that he "does maintain a good faith belief that he was not late on any of the payments made to Capital One Financial Corporation" and he "had a good faith basis for his claim that, technically, he was not late in the months during which he was reported being late on his credit reports."  Plaintiff still has not even acknowledged the documentary evidence refuting his claims or explained how he could file or maintain this action in good faith notwithstanding this evidence.

Thus, I find it appropriate to award attorney's fees against plaintiff's counsel under 28 U.S.C. § 1927 and against plaintiff himself under 15 U.S.C § 1681n(c).[2]  I also find that plaintiff

---

[2] Although plaintiff does not contend otherwise, the Court also notes that under the circumstances of this case, the CRAs were the "prevailing parties" under 15 U.S.C § 1681n(c).  "Generally, the prevailing party is one who succeeds on a significant issue in the litigation … ." Warner Bros. Inc. v. Dae Rim Trading, Inc., 877 F.2d 1120, 1126 (2d Cir. 1989).  When deciding whether defendants are the "prevailing party" when plaintiffs voluntarily dismiss their claims, courts "examine the circumstances surrounding the voluntary dismissal … ."  Silberstein v. Digital Art Sols., Inc., 02-cv-8187, 2003 WL 21297291, at *1 (S.D.N.Y. June 4, 2003).  When "a 'calculating' plaintiff obtains a dismissal in order to avoid an adverse ruling on the merits, the case for the defendant becomes more compelling … ."  Id.  Here, plaintiff filed his motion to dismiss after reviewing the CRAs' motion for summary judgment and likely did so to avoid an adverse ruling on the merits.  As I indicated at the hearing, I would have granted summary judgment if plaintiff did not move to dismiss his claims.  Plaintiff cannot "avoid paying

and his counsel were each equally responsible for bringing this meritless action in bad faith, so I impose liability on both of them jointly and severally.  See Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 526 (2d Cir. 1990).

### III.    Amount of Attorney's Fees

When awarding attorney's fees, "the reasonable rate used to determine the amount of attorney's fees to award is calculated according to the prevailing rates in the district in which the court sits." Simmons v. New York City Transit Auth., 575 F.3d 170, 173 (2d Cir. 2009) (internal alterations and quotation marks omitted).  "Courts have found that the prevailing hourly rates in this district are generally between $300 and $400 for law firm partners, $200 to $300 for senior associates, and $100 to $200 for junior associates." LG Capital Funding, LLC v. 5Barz Int'l, Inc., 16-cv-2752, 2019 WL 3082478, at *2 (E.D.N.Y. July 15, 2019).  "Recently, reasonable hourly rates in this district have ranged from $70-$100 for paralegals." Cummings v. W. Harlem Cmty. Org., Inc., 17-cv-4236, 2018 WL 3435058, at *6 (E.D.N.Y. July 17, 2018) (internal quotation marks and alterations omitted).

Equifax has requested an award of $8,718, which is the product of:  4.2 hours of work by an attorney with eight years of experience, plus one year spent clerking, who has an hourly rate of $360; 10.05 hours of work by an attorney with eight years of experience who has an hourly rate of $350; and 11.9 hours of work by an attorney with ten years of experience who has an hourly rate of $310.  These hourly rates are reasonable in light of the prevailing rates in this district and the time Equifax's counsel expended is reasonable in light of the tasks undertaken,

---

attorney's fees by bringing a frivolous claim and then obtaining a dismissal before a ruling on the merits." Id. (internal quotation mark omitted).

which included drafting part of a motion for summary judgment, attending multiple conferences, and communicating with co-counsel and opposing counsel.

Experian moved for an award of $22,824.63, which is the product of:  10.80 hours of work by an of counsel, who appears to have twenty-two years of experience, spent a year clerking, and has an hourly rate of $807.50; 24.10 hours of work by an associate, who has four years of experience and has an hourly rate of $573.75; and one hour of work by a paralegal who has an hourly rate of $276.25.  The time Experian's counsel, Jones Day, spent on this matter was reasonable in light of the tasks undertaken, which also included drafting part of a motion for summary judgment, attending multiple conferences, and communicating with co-counsel and opposing counsel.

However, Jones Day's billing rates are too high for this case.  The billing rates of its attorneys and paralegal are two to three times the prevailing rates in this district.  Some matters may be sufficiently complex to warrant such high fees, but this straightforward FCRA dispute over plaintiff's meritless allegations is not complex enough to warrant the award Experian seeks.  Thus, the Court will enter an award for Jones Day's of counsel – who appears to be equivalent to a partner, at least in terms of his years of experience – at an hourly rate of $400, its associate at an hourly rate of $200, and its paralegal at an hourly rate of $100.  In total, Experian is awarded $9,240 in attorney's fees.

Plaintiff objects to the award of attorney's fees on three grounds.  Plaintiff contends that Jones Day's billing rates are unreasonably high for this case, and as noted above, I agree.  However, plaintiff's other two objections are unpersuasive.

Plaintiff contends that defendants should only be allowed to recover fees for their work in connection with the motion for summary judgment.  There is no reason to limit the attorney's

fees award to time spent in connection with the motion for summary judgment when it was apparent well before then that plaintiff's claims were meritless, which is why I urged plaintiff to voluntarily dismiss them at the initial status conference.  If plaintiff and his counsel had acted in good faith and ensured there was a factual basis for the complaint when it was filed, then defendants would not have had to expend any time or money on this case in the first place.

Nor does the language of 28 U.S.C. § 1927 or 15 U.S.C § 1681n(c) limit recovery to the motion for summary judgment.  Under 15 U.S.C § 1681n(c), courts may award "attorney's fees reasonable in relation to the work expended in responding to" an "unsuccessful pleading" under the FRCA that was "filed in bad faith … ."  Here, as noted above, plaintiff filed this complaint in bad faith, and all of the work counsel for Experian and Equifax performed in this case was responding to complaint's meritless complaint.

Similarly, 28 U.S.C. § 1927 allows for recovery of attorney's fees against any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously … ."  Since plaintiff's counsel brought this entire proceeding in bad faith, as noted above, "the temporal scope of [Experian's and Equifax's] fee application will not be limited to the briefing of its" motion for summary judgment but rather "will include all work reasonably performed in" response to the meritless compliant.  KGK Jewelry LLC v. ESDNetwork, 11-cv-9236, 2015 WL 899016, at *3 (S.D.N.Y. March 3, 2015).

Plaintiff's argument to the contrary is based on his misinterpretation of my statement at the motion to dismiss hearing that "the defendants should not expect to get back everything on this case but at least the summary judgment motion."  Plaintiff apparently construes "at least" to mean "only," which is inconsistent with not only the plain meaning of my statement but also my directive for defendants to submit a request for all of their time spent on this matter in their

motion for attorney's fees, not just a request for the time spent on the summary judgment motion. When I indicated that "defendants should not expect to get back everything," I meant that I will scrutinize the time expended and billing rates to ensure that they are reasonable, as I have done in this order.

Plaintiff furthers claims that Jones Day spent an unreasonable amount of time on this matter because its work was duplicative.  In particular, plaintiff notes that the joint motion for summary judgment involved collaboration between two Jones Day lawyers.  However, Jones Day's billing records reflect an efficient division of labor that is typical of large law firms: an associate handled the day-to-day administration of the matter whereas the of counsel, who had significantly more experience, supervised and revised her work.

Plaintiff also claims that Jones Day's collaboration with attorneys for Experian's co-defendants led to unnecessary duplication.  In some cases, collaboration among different firms may lead to unnecessary redundancy, but in this case, the time records do not show the kind of redundancy that would warrant reducing the award for the time Jones Day spent here.  To the contrary, the CRAs' collaboration likely led to lower legal fees than the CRAs would have incurred if they each filed a separate motion for summary judgment.  Further, to the extent plaintiff is concerned about the disparity between Equifax's request for $8,718 and Experian's request for $22,824.63, the Court's reduced award of $9,240 to Experian largely alleviates this concern.

## CONCLUSION

Equifax's [48] motion for attorney's fees is granted and Experian's motion for attorney's fees is granted in part and denied in part.  Plaintiff and his counsel are jointly and severally liable

to Experian for $9,240 in attorney's fees and jointly and severally liable to Equifax for $8,718 in

attorney's fees.

**SO ORDERED.**


_____
U.S.D.J.


Dated: Brooklyn, New York
         August 21, 2019